Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

Demetrius Carey # 211705
_____
Plaintiff

(Write your full name. No more than one plaintiff may be named in a complaint.)

-v-

Corr'l off. Corbin Tunstall,
Corr'l off. Michael Wheat;
Director Treatment - Mark Fessell;
Director Treatment - Dr. David Tytell,
et. al.,
_____
Defendant(s)

(Write the full name of each defendant who is being sued. If the names of all of the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here. Your complaint may be brought in this court only if one or more of the named defendants is located within this district.)

Case No. 2:19-CV-1636-LSC-SGC
(to be filled in by the Clerk's Office)

2019 OCT -7 A 11: 04

U.S. DISTRICT COURT
N.D. OF ALABAMA

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee of $400.00 or an Application to Proceed *In Forma Pauperis*.

Mail the original complaint and the filing fee of $400.00 or an Application to Proceed *In Forma Pauperis* to the Clerk of the United States District Court for the Northern District of Alabama, Room 140, Hugo L. Black U.S. Courthouse, 1729 5th Avenue North, Birmingham, Alabama 35203-2195.

1

## I. The Parties to this Complaint

### A. The Plaintiff

Provide the information below for the plaintiff named in the complaint.

| | |
|---|---|
| Name | Demetrius Carey |
| All other names by which you have been known: | |
| ID Number | 211205 |
| Current Institution | William E. Donaldson Corr'l Facility |
| Address | 100 Warrior Lane |
| | Bessemer, AL, 35023 |
| | City / State / Zip Code |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed

Defendant No. 1

| | |
|---|---|
| Name | Corbin Tunstall |
| Job or Title *(if known)* | Correctional Officer-1 |
| Shield Number | Unknown |
| Employer | Alabama Dept. of Corrections |
| Address | 100 Warrior Lane |
| | Bessemer, AL, 35023 |
| | City / State / Zip Code |

☒ Individual Capacity    ☐ Official Capacity

Defendant No. 2

| | |
|---|---|
| Name | Michael Wheat |
| Job or Title *(if known)* | Lieutenant - Correctional Lieutenant |
| Shield Number | Unknown |
| Employer | Alabama Dept. of Corrections |
| Address | 100 Warrior Lane |
| | Bessemer, AL, 35023 |
| | City / State / Zip Code |

☐ Individual Capacity    ☒ Official Capacity

2

Defendant No. 3

Name: Mark Fessell
Job or Title (if known): Director of Treatment - A.D.O.C.
Shield Number: unknown
Employer: Alabama Dept. of Corrections
Address: 301 S. Ripley St.
Montgomery, AL. 36130
City / State / Zip Code

☐ Individual Capacity   ☒ Official Capacity

Defendant No. 4

Name: David Tytell
Job or Title (if known): Asst. Director of Treatment
Shield Number: unknown
Employer: Alabama Dept. of Corrections
Address: 301 S. Ripley St.
Montgomery, AL. 36130
City / State / Zip Code

☐ Individual Capacity   ☒ Official Capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal law]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities, secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

8th Amend. U.S. Const. Cruel & Unusual Punishment
14th Amend. - Due Process
1st Amend. Freedom of Press

3

C. Plaintiffs suing under *Bivens* may only recover for violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

_____

_____

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

_See Attached "Claims & Grounds Summary"_

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial Detainee

☐ Civilly committed detainee

☐ Immigration detainee

☒ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other _____
    *(explain)*

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

_N/A_

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

_W.E. Donaldson Prison, i.e. in S-unit, cell-S-12._

C. What date and approximate time did the events giving rise to your claim(s) occur?

On January 4, 2019 @ 3:30 p.m.

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See Attached "Claims & Grounds Summary"

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries in detail.

See Attached "Claims & Grounds Summary"

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

1. I want $175,000.00 (seventy five thousand dollars) in punitive damages from Corr'l Officer Tunstall for the injury, permanent damage & loss of a portion of my finger. Tunstall should have been aware that his actions were unwarranted, prohibited, AND posed serious threat to my health & safety.

2. I want injunctive relief against Lt. Wheat in the form of having my disciplinary charge "Expunged" from my files b/c Wheat did not follow mandatory due process procedures required by well established ADOC Regulations. for Mental Health Inmates

3. I want injunctive relief against Directors of Treatment Mark Fessell & David Tytell in providing Donaldson Prison Inmates with copies of ALL Mental-Health Regulations, b/c these were requested but the requests went ignored... & Inmates have a right to them.

5

**VII.** **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes
☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).
William E. Donaldson Correctional Facility - Alabama

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes
☒ No
☐ Do Not Know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes
☒ No
☐ Do Not Know

If yes, which claim(s)?
N/A

6

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes
☒ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes
☒ No

E. If you did file a grievance

1. Where did you file the grievance?  N/A

2. What did you claim in your grievance?  N/A

3. What was the result, if any?  N/A

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

    N/A

F.  If you did not file a grievance:

   1.  If there are any reasons why you did not file a grievance, state them here:
       _Alabama inmates have no grievance procedure available._

   2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:
       _See Attached "claims & Grounds Summary"_

   3.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.
       _N/A_

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had any cases dismissed based on grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted?

☐ Yes

☒ No

If yes, state which court dismissed your case(s), when this occurred, and attach a copy of the order(s) if possible.

_N/A_

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes
☒ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

    Plaintiff(s) _____N/A_____

    Defendant(s) _____N/A_____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

    _____N/A_____

3.  Docket or index number

    _____N/A_____

4.  Name of Judge assigned to your case

    _____N/A_____

5.  Approximate date of filing lawsuit

    _____N/A_____

6.  Is the case still pending?

    ☐ Yes
    ☒ No

    If no, give the approximate date of disposition. _____N/A_____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    _____N/A_____

9

## IX. Certification and Closing

Under Federal Rule of Civil-Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

**Printed Name of Plaintiff**  Demetrius Carey
**Prison Identification #**  211205
**Prison Address**  100 Warrior Lane
Bessemer    AL,    35023
*City*    *State*    *Zip Code*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  10-3-19
(Date)

Demetrius Carey
Signature of Plaintiff

# ( ATTACHED )

## CLAIMS & GROUNDS SUMMARY

( In Support of civil action in " **Carey v. Tunstall**, et.al, " )

### 1. Defendant- Corr'l Officer Corbin Tunstall

__ Plaintiff Demetrius Carey # 211205, is an Alabama inmate serving time @ William E. Donaldson Correctional Facility. Plaintiff Carey was/is on the active "Mental Health" caseload @ Donaldson Prison.

On January 4, 2019, @ approx.' 3;30 p.m. the Plaintiff was assigned to "Suicide Watch" @ Donaldson's 'R.S.T.U.-Unit'. Specifically, Plaintiff was assigned to suicide watch cell: "S-12" .... On the above date & time Plaintiff became involved in a verbal altercation with another mental - health unit inmate-resident by the name of Stanley Chatman #248639. Chatman was an inmate "Runner" or 'trustee-worker' for S-unit; who mainly worked on days that Defendant-Tunstall worked. Chatman did light house cleaning chores inside S-unit. Plaintiff also became familiar with the fact that Chatman sometimes 'fraternized' with Defendant Tunstall and that they frequently discussed people, places etc. they were both familiar with because they both lived in the City of Birmingham...

On the date in question Plaintiff was attempting to get Defendant Tunstall to let him use the telephone to call Plaintiff's mother because Plaintiff had previously obtained permission from a Correctional Supervisor to use the phone. First Plaintiff tried to get inmate Chatman to get Defendant Tunstall

1

to let Plaintiff use the phone. Chatman ignored Plaintiff so this is when Plaintiff began to yell through the crack of his cell-door at Chatman. An argument ensued between Chatman & Plaintiff. Plaintiff yelled to Tunstall and Tunstall came to Plaintiff's cell door (S-12)...Tunstall told Plaintiff to "cuff-up"; at which time Plaintiff attempted to follow the routine of placing his hands outside of the tray-slot in his cell door so that Defendant Tunstall could place handcuffs on him before opening his cell door. Plaintiff had assumed that Tunstall was about to let him out of his cell to use the telephone. However, when Plaintiff placed his hands together and outside of the tray-slot---Tunstall grabbed Plaintiff abruptly and aggressively with one hand and sprayed him with pepper spray with the other hand...Plaintiff was attempting to wrestle his hands back inside of the tray-slot when Tunstall slammed the tray-slot closed on Plaintiffs' hand; catching one of Plaintiffs' fingers inside the tray slot. Plaintiff yelled to Tunstall and told him that PLaintiffs' finger was trapped inside the tray-slot door and Tunstall said "So What?" as he walked away with a smile on his face.... Plaintiff began to beat and scream on the cell door with his free hand and his feet. Correctional officer Latasha Terrell (who also was assigned to R,S,T,U-unit) came to see what was wrong with Plaintiff and when she saw that Plaintiff's finger was indeed trapped in the tray-slot--- she opened the tray slot, freed Plaintiff's finger (hand) and immediately took him to the prisons' medical infirmary... Upon screening Plaintiff's injuries, the prisons' physician told correctional officers that Plaintiff had

2

to be taken to a free world hospital immediately. Plaintiff was taken to UAB Hospital @ Birmingham where the top portion of his finger was completely **amputated.... The doctors at UAB said there was no way to save it....**Plaintiff was on "Suicide Watch-status" at the prison at the time this incident occurred in/at S-12 cell. Defendant Tunstall knew of Plaintiff's "suicide watch-status" before he committed this act. Plaintiff had two, female "Observers" who sat outside his cell and saw what happened; a "Miss. Hackworth" & a "Miss. Calhoun" ...Plaintiff told the Mental Health doctor (name unknown) what happened and the doctor told Plaintiff to write I & I (Investigations and Inspections) Division. Plaintiff did write I & I about this matter. Upon arrival back to the prison from UAB Hospital the Plaintiff was served a disciplinary for "Failure To-Obey A Direct Order of an ADOC Official". Defendant Tunstall was the charging officer and stated Plaintiff was banging on his cell door and did not comply with Tunstalls' orders to stop...Plaintiff contends that this was a pretextual tactic in attempts to justify what he had done. Plaintiff maintained his innocence at the disciplinary hearing but was found guilty by disciplinary hearing officer, Defendant Michael Wheat.


2. **Defendant, Correctional Lieutenant Michael Wheat** .

Defendant Wheat was the Correctional Supervisor over Defendant Tunstall on the date of the incident in question. Lt. Wheat was also

the disciplinary hearing officer (Judge) who found Plaintiff "Guilty" of the charge of "Failing To Obey A Direct Order"...

**A.** Defendant Wheat did not comply with mandatory procedures which required him to obtain 'clearance' from mental health personnel before holding a disciplinary/testimonial proceeding against the Plaintiff because Plaintiff was/is a well documented mental-health case-load inmate; (i.e., who was on "suicide-watch status" at the time of the alleged rule violation)... Defendant Wheat has been a correctional officer for more than 10 years and had been a "Lieutenant" for more than five years and he should have known of said mandatory requirements.

**B.** Defendant Wheat gave a false statement which, in part, formed the basis for his "Guilty Verdict" against Plaintiff at the disciplinary hearing... Specifically, Plaintiff told Lt. Wheat that "Nurse ---- Hackworth" was present during the incident and could verify the Plaintiffs' version of events. Plaintiff maintained his innocence of the charged rule violation.... Lt. Wheat stated on the disciplinary report that he had spoken to Nurse Hackworth and that she said she had no knowledge of the incident.  This was not true because Hackworth was an "Observer" for inmates on suicide watch in S-unit on the date of the incident & she had told Plaintiff that she would tell the truth about what happened if called upon... If true, these facts (outlined under sub-para. A & B )----severally ---OR---

conjunctively constitutes a basis for the **expungement** of the disciplinary report from the Plaintiff's prison files...

3. **Defendants Mark Fessell and David Tytell** .

Both of these Defendants are Directors of Treatment for the Mental Health Services of the Alabama Dept. of Corrections... They both have their home-offices in Montgomery...In July of 2019 Plaintiff sent letters to both men and to the Institutional Mental Health personnel at Donaldson----requesting copies of specific Mental-Health regulations---which inmates are suppose to but do not have. Plaintiff needed certain of these regulations in preparation for this civil action. He never got a response to any of his letters or requests regarding this matter. Plaintiff also recently sent a letter to the 'Office' which these men oversee (Director of Treatment-ADOC) & to Donaldsons' Deputy Warden Peters---requesting a set time and opportunity to view his medical (Mental Health) files; specifically for the time period which preceded and followed the incident involving Defendant Tunstall & the Plaintiff...This request was sought for the purposes of preparation for bringing this civil action....Plaintiff has yet to receive a response to these requests.... Plaintiff also sought this same particular request from former Warden Anthony Brooks & from Plaintiffs' classification specialist,

5

Miss. Betty Stevenson--back on July 7th, 2019--but never got a response from them either... Dr. Tytell & Mark Fessell are both responsible for the oversight and administration of any function which involves the subject of Mental Health services within the Alabama Dept. of Corrections; whether it be providing inmates with records, regulations, policies concerning Mental Health Services available to inmates---or supervising and/or auditing the job performance of institutional mental health personnel within each prison.  Plaintiff is entitled to the injunctive relief of compelling these Defendants provide Plaintiff (and other Donaldson inmates) with a complete copy of ALL up-to-date Mental Health-related Regulations: (e.g. ADOC ADMIN. Reg.'s  600 thru 638....,and any other regulations which may exist unbeknownst to the Plaintiff..).