FILED
2023 Jan-09  PM 03:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTEHRN DIVISION

| | |
|---|---|
| DEMETRIUS CAREY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:19-cv-01636-LSC-SGC |
| | ) |
| CORBIN TUNSTALL, | ) |
| | ) |
| Defendant. | ) |

## TRIAL BRIEF

Plaintiff Demetrius Casey filed a pro se complaint pursuant to 42 U.S.C. § 1983 for violations of his civil rights. (Doc. 1). The defendant remaining in the action is Mr. Corbin Tunstall.

### *STATEMENT OF THE FACTS*

1. Plaintiff Demetrius Carey was incarcerated in the Alabama Department of Corrections ("ADOC") at the William Donaldson Correctional Facility in January of 2019 and was protected by the Eighth Amendment to the Constitution. (Doc. 1).

2. On January 4, 2019, at approximately 3:30 p.m., while Plaintiff was assigned to a suicide-watch unit, Defendant Tunstall was in conversation with inmate worker Stanley Chatman. (Doc. 1)

3. Plaintiff attempted to get Tunstall to allow him access to make a phone call to Plaintiff's mother, who is in her 80s and in poor health. Plaintiff had already been told by Tunstall's supervisor that he would be allowed to make this call. Tunstall and Chatman both became aggravated by Plaintiff's request. (Doc. 40)

4.	Tunstall came to the door of Plaintiff's unit and told him to "cuff up." (Doc. 1)

5.	When Plaintiff attempted to comply by placing his wrists in the tray slot of the door to be handcuffed, Tunstall grabbed his wrists abruptly, holding Plaintiff's wrists and spraying him with mace. (Doc. 40)

6.	When Plaintiff reacted to this sudden display of violence by recoiling and pulling his hands backwards from out of the tray slot, Tunstall slammed the tray slot door flap upwards onto Plaintiff's hand, catching one of his fingers in the gap between the flap and the door. Tunstall then locked the flap with the "dead bolt" locking mechanism. (Doc. 40)

7.	Plaintiff yelled to Tunstall that Plaintiff's finger was caught in the door, and Tunstall replied "So what?" and walked away. (Doc. 1)

8.	Plaintiff began pounding the cell door with his free hand and his feet, screaming for someone to come and help. (Doc. 1)

9.	Officer Terrell heard Plaintiff's calls and came to the door and unlocked the flap, taking Plaintiff immediately to the medical infirmary. (Doc. 40)

10.	Mental health observer S. Hackworth witnessed the entire incident described above. (Doc. 40)

11.	The infirmary recommended that Plaintiff be taken to a freeworld hospital. (Doc. 1)

12.	Plaintiff was taken to UAB hospital in Birmingham, where the top portion of his finger had to be amputated. (Doc. 1)

13.	Although Tunstall did write Plaintiff a disciplinary for "Failing to Obey a Direct Order," the disciplinary was written as a pretextual justification for spraying Plaintiff with mace and slamming his hand in the tray flap. (Doc. 40)

14. On October 7, 2019, Plaintiff filed the complaint for this action. (Doc. 1)

## *EXHIBITS LIST*

1. DIAGRAM OF DOOR TO THE SUICIDE-WATCH UNIT IN WHICH DEMETRIUS CAREY WAS CONFINED AT THE TIME OF THE INCIDENT, DEPCTING THE TRAY SLOT, HINGES, AND LOCKING MECHANISM

2. MEDICAL RECORDS FROM UAB HOSPITAL FOR DEMETRIUS CAREY

3. PHOTOGRAPHS AND VIDEOS OF THE SPECIFIC TRAY SLOT DOOR IN DEMETRIUS CAREY WAS CONFINED IN AT THE TIME OF THE INCIDENT;

4. ANY EXHIBIT ON THE DEFENDANTS' LIST;

5. ANY EXHIBIT REQUIRED FOR REBUTTAL PURPOSES;

## *NON-INMATE WITNESSES*

| Name | Contact Address | Place Of Employment |
|---|---|---|
| Officer LaTasha Terrell | 100 Warrior Ln, Bessemer, AL 35023 | William E. Donaldson Correctional Facility |
| Ms. Hackworth | 100 Warrior Ln, Bessemer, AL 35023 | Wexford Health Inc. |
| Captain Shannon Caldwell | 100 Warrior Ln, Bessemer, AL 35023 | William E. Donaldson Correctional Facility |
| ANY WITNESS FOR REBUTTAL PURPOSES | | |

### *INMATE WITNESSES*

| Name | Place of Incarceration |
|---|---|
| Stanley Chatman | KILBY Correctional Facility |
| James Taylor | William E. Donaldson Correctional Facility |
| PLAINTIFF | William E. Donaldson Correctional Facility |

### *SUMMARY OF THE ANTICIPATED TESTIMONY*

1. Officer Terrell was positioned in the suicide-watch unit on the day of the incident at issue. She responded to Plaintiff's pained calls for help and freed his finger from the locked tray flap before taking him to the infirmary. She is expected to testify about the circumstances in which she found and subsequently freed Plaintiff and about the nature of the door and tray flap in question.

2. Ms. Hackworth was a mental health observer stationed in the suicide watch unit on the day in question and observed the entire interaction between Plaintiff and Tunstall. She is expected to testify that Tunstall slammed and locked Plaintiff's finger in the tray flap, that his action was not justified, and that no employee of ADOC initiated an interview with her about the incident.

  3. Captain Caldwell was on duty at the time of the incident. He is expected to confirm that Ms. Hackworth properly and promptly notified him about the incident involving Tunstall and Plaintiff.

  4. Inmate Chatman #248639 was conversing with Tunstall in the moments leading to the incident in question and observed Tunstall's subsequent actions. He is expected to testify that Tunstall was needlessly and unnecessarily violent in response to Plaintiff's request to use the telephone and the nature of such violence.

  5. Inmate Taylor #178795 assisted Plaintiff in litigating this case from the very beginning. He is expected to testify to his knowledge of the locking mechanisms on the doors of suicide unit cells and of the law regarding the facts of this case. He is also expected to testify to his knowledge of ADOC regulations governing the treatment of mental health inmates when they are accused of misbehavior, and to his general knowledge of the stressful prison culture and the affect it has on inmates' and officers' conduct.

## ***SPECIAL AND COMPENSATORY DAMAGES***

Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant:

  A. All appropriate relief at law and equity;

  B. Declaratory relief and other appropriate equitable relief;

  C. Economic losses on all claims allowed by law;

  D. All available compensatory and consequential damages, including, but not limited to:

    a. all available damages for pain and suffering,

    b.  physical, mental and emotional distress,

    c.  medical bills,

    d.  lost wages,

    e.  reduced earning capacity, and

    f.  all other noneconomic and economic damages available under the law;

  E.  Punitive damages on all federal claims as allowed by law and in an amount to be determined at trial;[1]

  F.  Attorneys' fees and costs associated with this action on all claims allowed by law;

  G.  Pre- and post-judgment interest at the highest lawful rate; and

  H.  Any further relief at law or equity that this Court deems just and proper.

          Respectfully submitted,

          /s/ Richard A. Rice
          Richard A. Rice

---

[1] Punitive damages are available in a prisoner abuse § 1983 case either "when the defendant's conduct is shown to be motivated by evil motive or intent" or "when [the conduct] involves reckless or callous indifference to the federally protected rights of others." *Shropshire v. Johnson*, No. 10-00470-CB-N, 2015 U.S. Dist. LEXIS 6406 at *11 (S.D. Ala. Jan. 21, 2015) (quoting *Smith v. Wade*, 461 U.S. 30 (1983). Actual malice is not required, but rather a "subjective consciousness of a risk of injury or illegality and a criminal indifference to civil obligations." *Lawn v. Jones*, No. 17-CIV-14249-ROSENBERG, 2017 U.S. Dist. LEXIS 133402 at *15 (S.D. Fla. Aug. 18, 2017) (internal quotations omitted). Punitive damages can be justified even if the defendant against whom they are imposed no longer works at the prison where they were working at the time of the incident giving rise to the claim for punitive damages, as the deterrent effect of punitive damages can extend to other current and future employees of the prison and can also help to legitimize future internal investigations. *Benton v. Rousseau*, 940 F. Supp. 2d 1370, 1380 (M.D. Fla. 2013); *Hudson v. Singleton*, No. CV602-137, 2006 U.S. Dist. LEXIS 17800 at *4-5 (S.D. Ga. Mar. 27, 2006). This remains true even if the defendant in question was suspended or disciplined as a result of the incident. *Hudson* at *4-5.

The number of excessive force violations that a defendant has had can impact whether punitive damages are necessary in the first place, and the amount required to deter such violations in the future. *Rivera v. Sweat*, No. CV205-174, 2007 U.S. Dist. LEXIS 18644 at *14-16 (S.D. Ga. Mar. 16, 2007) (citing *Johnson v. Breeden*, 280 F.3d 1308, 1325 (11th Cir. 2002). Defendant Tunstall has been brought to court numerous times previously under allegations of excessive force or similar claims, of which one other case in addition to this one remains open. *See Truss v. Terrell*, No. 2:16-cv-01326-AKK-JHE (N.D. Ala., filed Aug. 15, 2016); *Griggs v. ADOC*, No. 1:16-cv-00626-TFM-MU (S.D. Ala., filed Dec. 19, 2016); *Hampton v. Baldwin*, No. 2:16-cv-00973-ECM-WC (M.D. Ala., filed Dec. 16, 2016); *Sales v. Givens*, No. 2:20-cv-01121-AMM-JHE (N.D. Ala., filed Aug. 5, 2020). Defendant Tunstall has thus demonstrated a history and pattern of using excessive force and abusing prisoners, increasing the need for the granting of punitive damages against him.

The Rice Firm, LLC
115 Richard Arrington Jr. Blvd. N.
Birmingham, AL 35203
Post Office Box 453
Birmingham, AL 35201
(205) 618-8733 ext 101

**CERTIFICATE OF SERVICE**

    I hereby certify that I have on this January 9, 2023, filed the foregoing with the Clerk of the Court, using the ECF filing system, and that I have further served a copy of the foregoing upon the following parties, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

**Matt Bledsoe**
**Matt.Bledsoe@alabamaag.gov**
**Alabama Attorney General's Office**
**Defendants Attorney**

                                           /s/ Richard A. Rice
                                           Richard A. Rice
                                           *Counsel for Plaintiff*